**APPLERA CORPORATION and Roche Molecular Systems, Inc., plaintiffs,**

v.

**MJ RESEARCH INC. and Michael and John Finney, defendants.**

**No. 3:98CV1201 (JBA).**

United States District Court, D. Connecticut.

Feb. 11, 2004.

Brian M. Poissant, Pennie & Edmonds, Charles W. Bradley, Orrick, Herrington & Sutcliffe, New York, NY, David Gersch, Arnold & Porter, Washington, DC, James T. Shearin, Pullman & Comley, Bridgeport, CT, Jennifer Gordon, Joseph Evall, Orrick, Herrington & Sutcliffe, Lawrence B. Goodwin, Chadbourne & Parke, New York, NY, Mary L. Azcuenaga, Heller Ehrman White & McAuliffe LLP, Washington, DC, Robert A. Cote, Stephen J. Lieb, Orrick, Herrington & Sutcliffe, Wendy Schechter, Heller Ehrman White & McAuliffe LLP, William J. Hone, Fish & Richardson, PC, New York, NY, Asim Varma, Arnold & Porter, Bertrand R. Lanciault, III, Arnold & Porter, Washington, DC, Bruce J. Barker, Pennie & Edmonds, New York, NY, Gwen P. Weisberg, Pullman & Comley, James Sicilian, Jennifer K. Lawson, Mario R. Borelli, Day, Berry & Howard, Hartford, CT, Michael J. Klyce, Jr., Arnold & Porter, Washington, DC, Robin L. Smith, Day, Berry & Howard, Hartford, CT, Edward R. Reines, Matthew D. Powers, Weil, Gotshal & Manges, Redwood Shores, CA, John Josef Molenda, Patrick J. Hoeffner, Sharon Yang, Orrick, Herrington & Sutcliffe, New York, NY, for Plaintiffs.

A. Jason Mirabito, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., Boston, MA, Albert L. Jacobs, Jr., Greenberg Traurig, New York, NY, Brett N. Dorny Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., Boston, MA, C. Allen Foster, Greenberg Traurig, LLP, Washington, DC, Daniel A. Ladow, Graham & James, New York, NY, Donna Nelson Heller, Finn Dixon & Herling, Stamford, CT, Gerard F. Diebner, Greenberg Traurig, New

York, NY, Geri L. Haight, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., Boston, MA, Harold Bolton Finn, III, Finn Dixon & Herling, Stamford, CT, Ivor R. Elrifi, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., Boston, MA, John E. Beerbower, Cravath, Swaine & Moore, New York, NY, John A. Harre, Joseph G. Blute, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., Joseph B. Darby, III, Boston, MA, Joseph M. Manak, Greenberg Traurig, New York, NY, Kevin E. Stern, Greenberg Traurig, LLP, Washington, DC, Mary Morabito Rosewater, Schulte, Roth & Zabel, New York, NY, Patrick J. McHugh, Finn Dixon & Herling, Stamford, CT, William C. Brashares, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, Washington, DC, William A. Marino, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., One Financial Center, Boston, MA, for Defendants.

### Order on Plaintiffs' Motion to Exclude Evidence or Argument by Defendants Based on Advice of Counsel Regarding the PCR Patents, Unenforceability, Patent Misuse, and Antitrust Issues [Doc. # 762–1]

ARTERTON, District Judge.

Discovery started in this case in August 1998 and quickly became the source of motions to compel. Relevant to plaintiffs' motion to exclude defendants' attorney opinion testimony [Doc. # 762–1] is plaintiffs' motion practice relating to defendants' pre-suit opinions of counsel concerning the patents in suit. Some of this opinion-of-counsel discovery was identified as potentially bearing on defendants' state of mind (e.g. willful infringement) and defendants' equitable defenses. One aspect of the discovery dispute was resolved by a Stipulation and Order in which defendant MJ stipulated that it "has not received any opinions of counsel regarding the PCR process patents-in-suit." See Cote Decl. [Doc. # 784] Ex. 7 at 1. Defendant Finney confirmed in deposition that, to his recollection, defendant did not ever receive opinions of counsel with respect to issues of infringement, by inducement or otherwise, of the PCR patents, only that he discussed the issue with non-trial counsel on a number of occasions, including Jay Darby. He was not permitted to answer the direct question of whether he had decided not to rely on those opinions. See id. Ex. 9 at 535:14–19; 552:13–17; 559:6–10. Thereafter, the Court (Squatrito, J., presiding) filed two orders containing directions that "[t]he defendant shall provide to the plaintiff copies of all attorney-client communications concerning the patents in suit," see Order (dated April 25, 2000) [Doc. 257] at ¶ 2, and "… the defendant shall produce all attorney-client communications, in accordance with the court's order dated April 25, 2000 by no later than June 2, 2000," see Order (dated May 26, 2000) [Doc. # 283] at ¶ 1.

After this deadline passed, counsel exchanged their views as to the scope of defendant's waiver of privilege or assertion of privilege based on the subject matter of the opinions already produced. See e.g., Katz v. AT & T Corp., 191 F.R.D. 433 (E.D.Pa.2000). Three areas were carved out by defendant of which two are relevant to disposition of this motion:

documents regarding PE's Authorization Program that do not discuss the validity or infringement of the Thermal Cycler Patents; and/or documents regarding MJ's attempts to license the Thermal Cycler Patents that do not discuss the validity or infringement of these patents.

See Cote Decl. [Doc. # 784] Ex. 15 (Letter of John Harre dated June 22, 2000) at 1.

Defendants' recent disclosure of trial witnesses manifests its current intention to call lawyers who provided opinions or ad-

vice to defendants to rebut plaintiffs' claim that defendants actively intended to induce infringement of the PCR process patents. Defendants' evidence relates to advice of counsel on the subject of the unenforceability of PCR patents based on antitrust counsel's apparent advice or opinion that plaintiffs' licensing scheme constituted an unlawful tying antitrust violation. Defendants clarify that they are not offering this evidence as a defense to plaintiffs' claims of willful infringement of the PCR patents, which they concede was covered by Judge Squatrito's disclosure order. Defendants acknowledge that they withheld documents relating to the attorney advice and opinions they received on privilege grounds until recently deciding to waive, *see* Defs. Opp'n [Doc. # 846] at 9, and describe the record of whether they ever denied that they had opinions of counsel regarding the legality or enforceability of plaintiffs' PCR licensing program as "mixed," *id.* at 10 n. 5.

Given defendants' untimely and incomplete disclosure of the substance of their communications with counsel or receipt of opinions of counsel regarding the PCR patents in suit (the '188, '195, and '202 patents) or their positions of patent unenforceability and misuse and antitrust violations related to plaintiffs' authorization programs for the patents-in-suit, the parties' stipulations, the clear scheduling orders entered in this case, and the absence of any good cause shown for defendants' failure to earlier waive its position of attorney-client privilege in regard to this subject matter, testimony related to such advice and opinion on which defendants claim to have relied will be precluded. Plaintiffs' motion [Doc. # 762–1] is GRANTED.

IT IS SO ORDERED.